IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CARLISLE POWER TRANSMISSION PRODUCTS, INC., *f/k/a Carlisle Engineered Transportation Solutions and Carlisle Power Transmission Products, Inc.*, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, LOCAL UNION NO. 662. <br><br> Defendant. | Case No. 10-3538-CV-S-RED |

## ORDER

Before the Court are Plaintiff Carlisle Transportation Products, Inc.'s Motion for Summary Judgment (Doc. 33) and Defendant's Motion for Summary Judgment (Doc. 35). Plaintiff Carlisle Transportation Products, Inc., f/k/a Carlisle Engineered Transportation Solutions and Carlisle Power Transmission Products, Inc. ("Carlisle") is seeking summary judgment in its favor on its Complaint for Declaratory Judgment (Doc. 1) against Defendant United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, Local Union No. 662 ("United Steel"). United Steel opposes Carlisle's Motion for Summary Judgment and also moves for summary judgment in its favor seeking a determination that Carlisle is barred from bringing this lawsuit.

## INTRODUCTION

The parties agree on a majority of the facts that are relevant to the issue of whether either party is entitled to an entry of summary judgment in its favor. The dispute between the parties arises out of a grievance filed by Gary Mincks ("Mincks"), a former Carlisle employee, concerning a dispute over long term disability benefits and whether that grievance is subject to arbitration pursuant to the parties' collective bargaining agreement ("CBA"). The parties also entered into a CBA Plan Description, which was incorporated into the CBA, setting forth a review process for long term disability benefits. Aetna Life Insurance Company ("Aetna"), the insurance provider for Carlisle's offered benefits, also has a review process governing long term disability benefits, which is set forth in an Aetna Long Term Disability Plan.

Mincks applied for long term disability benefits on July 2, 2004, which was granted. Mincks also applied for disability benefits through the Social Security Administration, which was granted on May 16, 2005. Aetna thereafter informed Mincks that it considered the disability benefits he was receiving through the Social Security Administration to be 'other income' entitling it to offset the long term disability benefits he was receiving and also entitling Aetna to be compensated for overpaying on Mincks' long term disability benefits claim.

Mincks formally appealed Aetna's decision under the process set forth in the Aetna Long Term Disability Plan and the CBA Plan Description and Aetna, on February 9, 2006, determined that its original decision was correct. Mincks did not challenge Aetna's decision in state or federal court. Instead, United Steel, the Union responsible for representing Mincks, filed a grievance on his behalf challenging Aetna's decision about Mincks' long term disability benefits.

Carlisle and United Steel were not able to resolve Mincks' grievance before the CBA expired and Carlisle took the position that the grievance did not survive the expiration of the 2001 CBA.

The parties submitted a limited issue to an arbitrator in order to have an arbitrator decide whether Mincks' grienance, along with two unrelated grievances of other employees, survived the expiration of the 2001 CBA. An arbitrator determined that the three grievances survived the CBA's expiration and the arbitrator's decision was affirmed by the Honorable Ortrie D. Smith on July 16, 2008, and later by the Eighth Circuit on June 4, 2009.

Now Carlisle has filed this declaratory action and requests that the Court find Mincks' greivance is not subject to arbitration under the parties' CBA. United Steel presents no opposition to this argument. Rather, United Steel argues that Carlisle is barred by the doctrine of res judicata and barred by the statute of limitations from bringing this declaratory judgment action. Both parties have filed motions for summary judgment, but the facts discussed and the arguments raised for both motions are identical.

## STANDARD OF REVIEW

On a motion for summary judgment, a court must view the record in a light most favorably to the nonmoving party. *Taylor v. St. Louis Cnty. Bd. of Election Comm'rs*, 625 F.3d 1025, 1026-27 (8th Cir. 2010). Summary judgment is appropriate where "there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

## LEGAL ANALYSIS

### A. The doctrine of res judicata does not bar Carlisle from filing this lawsuit

United Steel argues that the doctrine of res judicata bars Carlisle's suit because Carlisle should have raised the issue of whether Mincks' grievance relating to long term disability benefits is subject to arbitration under the CBA before the arbitrator. In support, United Steel notes that arbitration awards have preclusive effect and prevent parties from asserting the same or additional

3

claims in a new proceeding. *Val-U Constr. Co. of S.D. v. Rosebud Sioux Tribe*, 146 F.3d 573, 581 (8th Cir. 1998). As United Steel further notes, the doctrine of res judicata applies if there is: "1) a final judgment on the merits, 2) based on proper jurisdiction, 3) between the same parties, and 4) based on the same claims or causes of action." *Wintermute v. Kan. Bankers Sur. Co.*, 630 F.3d 1063, 1067 (8th Cir. 2011). In order for the doctrine of res judicata to apply, the arbitrator's decision finding that the three grievances survived the expiration of the 2001 CBA agreement would have to be found to constitute a final judgment on the merits and it would have to be determined this action and the action before the arbitrator arise "out of the same nucleus of operative facts." *Banks v. Int'l Union Elec., Elec., Technical, Salaried & Mach. Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004). The parties limit their arguments to whether the arbitrator's decision was a final judgment on the merits and whether this lawsuit is based on the same cause of action as the case before the arbitrator.

Carlisle argues that the arbitrator's decision did not constitute a final judgment on the merits because it dealt with a procedural issue only. Carlisle also argues that the present action and the arbitration do not arise out of the same nucleus of operative facts because the arbitration action dealt with whether three different grievances survived the expiration of the 2001 CBA and the underlying facts of Mincks' grievance were not before the arbitrator.

The Court disagrees with Carlisle's position. Although the ultimate issue as to whether Mincks' long term disability benefits are subject to offset was not addressed by the arbitrator, this does not mean that the arbitrator's decision was not a final judgment on the merits. The arbitrator was asked and ultimately decided on the merits the sole legal issue to which he was presented, i.e. whether or not the grievance was subject to arbitration in light of the expiration of the CBA. The

4

Court also notes that the cases cited by Carlisle[1] attempting to demonstrate that the arbitrator's decision was not on the merits are not persuasive, as they discuss instances where a cause of action was *dismissed* on procedural grounds before reaching the merits of the issue, not where a final decision on the merits was rendered on a procedural issue. Therefore, the Court finds that the arbitrator's decision in this case constitutes a final judgment on the merits for purposes of res judicata.[2]

The Court also finds that this lawsuit and the case before the arbitrator arise out of the same cause of action. Notably, both cases have been limited to the procedural issue of whether Mincks' grievance is subject to arbitration under the CBA. It is telling that the Court is not asked to determine whether Aetna was correct in determining that Mincks' long term disability benefits could be offset by his social security benefits. Therefore, for purposes of res judicata, the Court finds that the procedural issue before this Court arises out of the same cause of action as the procedural issue before the arbitrator. If we were to stop here, res judicata would be applicable.

However, the Court finds that United Steel waived its right to rely on the doctrine of res judicata by agreeing to specifically limit the procedural issue before the arbitrator. *See Dodd v.*

---

[1] *See* (Suggestions in Opposition Doc. 37 p. 6) citing: *Harper Plastics, Inc. v. Amoco Chems. Corp.*, 657 F.2d 939, 943 (7th Cir. 1981) (noting that a case dismissed for lack of jurisdiction is not subject to the doctrine of res judicata); *Saunders v. Am. Warehousing Servs., Inc.*, No. 04 C 7455, 2005 WL 2304804, at * 4 (N.D. Ill. Sep. 19, 2005) (finding that a case dismissed as untimely is not barred by the doctrine of res judicata); *Kennedy v. Dretke*, No. Civ.A. H-05-2805, 2005 WL 3504346, at * 5-6 (S.D. Tex. Dec. 21, 2005) (determining that a case dismissed on procedural grounds is not barred by the doctrine of res judicata).

[2] The Court also notes that it is disingenuous for Carlisle to argue that the arbitrator's decision was not a final judgment on the merits while also seeking a decision from this Court about whether Mincks' grievance is subject to arbitration and arguing that they are now seeking a judgment on the merits. The issues presently before this court are just as much "procedural" as the issue before the arbitrator, since all relate to whether or not the ultimate issue of offset is subject to arbitration.

*Hood River Cnty.*, 59 F.3d 852, 862 (9th Cir. 1995) (noting that a party may waive the defense of res judicata by agreeing to split a claim); Restatement (Second) of Judgments § 26(1)(a) (1982) (noting that the parties may agree "in terms or in effect," or the defendant may acquiesce in, the plaintiff splitting his claim). The parties agreed to submit a limited issue to the arbitrator so that the arbitrator would only determine whether three grievances survived the expiration of the 2001 CBA. *See* (Carlisle's Statement of Facts Doc. 34 ¶ 44; United Steel's Response Doc. 38 ¶ 44). Therefore, the Court finds that United Steel may not rely upon the defense of res judicata because it agreed to limit what the arbitrator would be able to decide.

### B. Carlisle is not barred by the statute of limitations from bringing this lawsuit

United Steel next argues that the six month statute of limitations contained under section 10(b) of the National Labor Management Relations Act applies to Carlisle's cause of action and furthermore, the six month statute of limitations has run. Although Carlisle disputes the application of the six month statute of limitations in this case and argues for the application of a five year statute of limitations, the Court will apply the six month statute of limitations because it does not affect the outcome of the case. However, the Court notes that the six months statute of limitations appears to be the applicable statute of limitations because had United Steel filed an action seeking to compel Carlisle to participate in arbitration, the six month statute of limitations would clearly apply. *See Local No. 88 United Food and Commercial Workers Union, AFL-CIO, CLC v. Middendorf Meat Co.*, No. 92-2955, 1993 WL 96905, at *2 (8th Cir. Feb. 2, 1993) (citing cases from other circuit courts finding that the six month statute of limitations under section 10(b) of the National Labor Management Relations Act applies to a motion to compel arbitration and noting that the district court correctly applied this statute of limitations).

The statute of limitations begins to run from the date the employer "clearly refuses to arbitrate" a grievance. *Aluminum, Brick and Glassworkers Int'l Union Local 674 v. A.P. Green Refractories, Inc.*, 895 F.2d 1053, 1055 (5th Cir. 1990). United Steel argues that the six month statute began to run once Carlisle issued a written decision denying Mincks' grievance on May 8, 2006. However, the Court does not find this to be the appropriate date, as nothing about this denial clearly demonstrated that Carlisle would not arbitrate the dispute. Notably, although Carlisle stated that it did not believe the grievance was arbitrable because it did not survive the expiration of the 2001 CBA, the parties thereafter engaged in arbitration to determine this issue.

United Steel then argues that even if the date of the Eight Circuit's decision affirming the arbitrator's decision was selected as the applicable date, June 4, 2009, then this action would still be considered untimely. Again, however, nothing about the date the Eighth Circuit issued its decision clearly demonstrated that Carlisle would not arbitrate Mincks' grievance. The Eighth Circuit's decision merely affirmed the arbitrator's determination.

With the above in mind, the Court finds that the letter issued by Carlisle's attorney to United Steel on December 8, 2010, indicating that Carlisle "does not agree to proceed with the arbitration scheduled for December 16, 2010" because the claim is not subject to arbitration under the CBA (Ex. 4 Doc. 3-4), begins the running of the six month statute of limitations, as Carlisle clearly advised United Steel that it would not participate in the scheduled arbitration for Mincks' claim. Carlisle filed its complaint on December 30, 2010, well within the six-month period. Therefore, Carlisle is not barred by the statute of limitations from maintaining this lawsuit against United Steel.

**C. Mincks' grievance is not subject to arbitration under the CBA**

7

The final issue that must be addressed is whether Carlisle is entitled to a declaratory judgment determining that Mincks' grievance is not subject to arbitration. United Steel does not address this argument, appearing to concede that arbitrating the dispute over the long term disability benefits is improper.

The Eighth Circuit has noted that "[a]n arbitration clause may establish a presumption of arbitrability, but the presumption may be overcome by an express provision excluding a particular grievance from arbitration or by persuasive evidence of a purpose to exclude the claim from arbitration." *Local 38N Graphic Communications Conference/IBT v. St. Louis Post-Dispatch, LLC*, 638 F.3d 824, 826 (8th Cir. 2011). Carlisle argues that both prongs are met.

With respect to whether an express provision excludes arbitration of disputes concerning long term disability benefits, Carlisle notes that the CBA Plan Description specifically states that the "terms and conditions of these benefits programs are not to be construed or interpreted in conjunction with any collective bargaining agreements between the Company and the Union, but independently from them, except as otherwise provided in this document." (CBA Plan Description Doc. 34-4 p. 8). The CBA Plan Description also provides that "[n]o action shall be taken in the administration of this benefits program that shall be construed or interpreted to be a violation of any of the terms of any collective bargaining agreement."[3] *Id*. Furthermore, the CBA Plan Description and the Aetna Certificate of Coverage both state that Aetna will review an employee's benefits claim, an employee may request a review by Aetna of his or her denied claim, and that Aetna will

---

[3] United Steel objected to these provisions, stating that it contradicted by the fact that the CBA Plan Description was incorporated into and considered a part of the CBA, but does not otherwise demonstrate how these two provisions are contradictory to the CBA. The Court finds that these provisions show that the benefits program is to be administered apart from the normal grievance procedures provided in the CBA.

8

then issue its final decision on the claim. (CBA Plan Description Doc. 34-4 p. 29-30; Aetna Certificate of Coverage Doc. 34-3 p. 25). Finally, the CBA Plan Description and the Aetna Certificate of Coverage both provide that an employee may file suit in state or federal court to challenge a denied or ignored claim for benefits. (CBA Plan Description Doc. 34-4 p. 62; Aetna Certificate of Coverage Doc. 34-3 p. 25).

The Court finds that the exclusionary language contained in the CBA Plan Description, which was incorporated into the CBA, coupled with the fact that the CBA Plan description provides an "alternative procedural framework" for resolving benefit disputes, demonstrates that disputes concerning the benefits program are excluded from the Grievance Procedure (providing for arbitration) contained within the CBA. *See Teamsters Local Union No. 783 v. Anheuser-Busch, Inc.*, 626 F.3d 256, 262-63 (6th Cir. 2010) (finding that where a Pension Plan "clearly provide[d] a specific mechanism for resolving all grievances related to pension rights," allowed for a claimant to file suit in court if the claimant disagreed with the outcome, and was incorporated into the CBA, it was explicitly demonstrated that "a grievance for rights under the Pension Plan [was] not arbitrable"); *Int'l Ass'n of Machinists and Aerospace Workers, Dist. No. 10 v. Waukesha Engine Div., Dresser Indus., Inc.*, 17 F.2d 196, 198 (7th Cir. 1994) (finding that where the CBA provided an "alternative review procedure" for the administration of benefits and allowed a claimant to challenge the insurer's decision in state or federal court, "the parties did not intend to arbitrate disputes concerning the denial of benefits"). At the very least, these provisions appear to be "persuasive evidence of a purpose to exclude" grievances concerning the administration of benefits from arbitration. *St. Louis Post-Dispatch, LLC*, 638 F.3d at 826. Therefore, the Court finds that

Carlisle is entitled to a declaratory judgment finding that Mincks' grievance is not subject to arbitration.

## CONCLUSION

For the reasons above, the Court **GRANTS** Plaintiff Carlisle Transportation Products, Inc.'s Motion for Summary Judgment (Doc. 33) and **DENIES** Defendant's Motion for Summary Judgment (Doc. 35). The Court finds that Carlisle is entitled to a declaratory judgment finding that Gary Mincks' grievance, No. 3-23-06-7103, wherein he challenges Aetna's decision to offset his long term disability benefits and require him to reimburse Aetna for overpayment, is not subject to arbitration under Carlisle's and United Steel's collective bargaining agreement.

**IT IS SO ORDERED.**

DATED: April 5, 2012           */s/ Richard E. Dorr*
                               RICHARD E. DORR, JUDGE
                               UNITED STATES DISTRICT COURT